

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 20, 2025

**BY ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Michelle Bond*, 24 Cr. 494 (GBD)

Dear Judge Daniels:

    On August 22, 2024, the Indictment in the above-referenced case was unsealed, charging defendant Michelle Bond with various campaign-finance offenses related to her 2022 run for Congress. At a status conference on January 8, 2025, Bond, with the Government's consent, requested a deadline of April 1, 2025 for the filing of her pre-trial motions. The Court entered the parties' proposed briefing schedule.

    On March 14, 2025, Bond requested a nearly 12-week adjournment of her motion deadline, based on the fact that Bond's assets—including "funds on retainer" with defense counsel—have been frozen in a bankruptcy proceeding, rendering Bond unable "to pay counsel to defend this proceeding." (Dkt. 29 at 1-2). The Government respectfully submits that Bond's inability to pay defense counsel's fees is not a basis for an adjournment. Defense counsel is obligated to defend Bond's case unless and until counsel withdraws from the representation. *See generally* N.Y. Code of Prof'l Responsibility, Rule 1.3. However, "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (internal quotation marks and citation omitted); *see also* N.Y. Code of Prof'l Responsibility, Rule 1.16(c)(5) ("a lawyer may withdraw from representing a client when … the client *deliberately disregards* an agreement or obligation to the lawyer as to expenses or fees" (emphasis added)). Instead, courts presume that "counsel will continue to execute his professional and ethical duty to zealously represent his client, notwithstanding the fee dispute." *Parker*, 439 F.3d at 104.

    Given defense's counsel's professional obligation to continue representing Bond notwithstanding non-payment of her legal fees, there is simply no basis for an adjournment of the motion deadline until June 20, particularly given that there is no guarantee that the dispute over the freezing of Bond's assets in bankruptcy court will be resolved by that time. If Bond can no longer afford retained counsel, she should apply for the appointment of counsel under the District's Criminal Justice Act ("CJA") Plan. But absent such an application, there is no ground for a lengthy adjournment of standing court-imposed deadlines.

      Nor does the fact that Bond "faces significant deadlines next week and the week following" in bankruptcy court and "needs to focus on securing funds to pay for her defense" supply a basis for the requested adjournment request of nearly 12 weeks. (Dkt. 29 at 2). Of course, the Government would not oppose a brief adjournment of the motion deadline (of a week or two), with proportional adjustment of the Government's deadline to respond, as a professional courtesy to defense counsel.

                                          Respectfully submitted,

                                          MATTHEW PODOLSKY
                                          Acting United States Attorney
                                          Southern District of New York

                    By: _____/s/_____
                              Stephanie Simon
                              Assistant United States Attorney

cc: All counsel of record (by ECF)