# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>RYAN SALAME,<br><br>      Defendant. | Case No.: 1:22-cr-00673-LAK |

## DECLARATION OF RYAN SALAME

I, Ryan Salame, declare under penalty of perjury that the following statements are true and accurate to the best of my knowledge.

1. I am the defendant in the above-captioned case. I am submitting this declaration in support of my petition for a writ of error coram nobis or a writ of audita querela.

2. I was charged by information with one count of conspiracy to make unlawful political contributions and defraud the FEC and one count of conspiracy to operate an unlicensed money transmitting business.

3. On September 7, 2023, I pleaded guilty to both charges as part of a plea bargain. The plea agreement ("Agreement") was memorialized in writing.

4. On May 28, 2024, this Court sentenced me to 90 months' imprisonment and three years of supervised release thereafter. The Court also ordered me to pay $500,200 in assessments and fines, $6,000,000 in forfeiture, and $5,593,177.91 in restitution. I have already satisfied each of these obligations. (an obligation I have already satisfied).

5. The government, during its investigation of the offenses to which I later pleaded guilty, conveyed to me that it was also investigating alleged campaign-finance violations by

1

Michelle Bond, my domestic partner and mother to my eight-month-old child (though Bond's alleged violations are separate from those to which I pleaded guilty).

6. During an April 28, 2023 video conference call with my counsel, Assistant U.S. Attorney Danielle Sassoon read from prepared talking points and explained that, although she could not put this condition within the four corners of the Agreement (as she said is often the practice of the office), "if we conclude" the investigation "as to [me], that would conclude th[e] facet of the investigation" into Bond.

7. My lawyers, who also represented Bond, took Sassoon's assurance to mean that if I pleaded guilty, the U.S. Attorney's office would be unlikely to pursue the campaign-finance charges against Bond, and my counsel communicated the government's statements to both Bond and me.

8. My counsel had long careers in DOJ and told me that they found it striking that such an offer would be explicitly stated in this manner; neither of my attorneys on the conference call had seen that type of inducement presented in pre-charging discussions and therefore conveyed to me that they took the statements seriously. That Sassoon was reading from talking points further reinforced my counsel's impression that the statement was sincere, and not a thoughtless or off-hand comment.

9. Thus, once they reached a plea Agreement as to me, my counsel put their file as to Bond in storage, believing the matter had concluded.

10. Based on the government's aforementioned representations, I signed the Agreement even though it did not mention the condition regarding Bond and included a boilerplate integration clause stating that the writing "supersedes any prior understandings, promises, or conditions between this Office and the defendant." Agreement at 7. Also, when asked at my plea allocution

whether "anyone made any promises other than whatever is set forth in the plea agreement that induced [me] to plead guilty," I answered in the negative.

11. Although the written Agreement and my plea allocution did not mention the government's implied commitment regarding the campaign-finance charges against Bond, AUSA Sassoon told my counsel that the government could not put this condition within the four corners of the Agreement, which I believed meant it would be honored without regard to whether it was aired in open court.

12. A significant contributing factor to my accepting the plea arrangement was the understanding that, if I did so, the government would not pursue the campaign-finance charges against Bond. And I took the government at its word, expecting that the implied commitment would be honored.

13. Yet despite my cooperation, the government failed to honor its stated commitment not to pursue the campaign-finance charges against Bond if I accepted the government's terms and pleaded guilty.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and accurate to the best of my knowledge.

8/21/2024
Date

DocuSigned by:
*Ryan Salame*
C38AC0A337424E3...
Ryan Salame

3