

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 19, 2025

**BY ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Michelle Bond*, 24 Cr. 494 (GBD)

Dear Judge Daniels:

  The Government respectfully writes in advance of the September 25, 2025 hearing in the above-referenced matter regarding the anticipated testimony of defendant Michelle Bond.

  After Bond was included on the defense witness list (*see* Dkt. 53), the Government sought clarification from defense counsel regarding the topic(s) on which Bond would testify. Defense counsel declined to provide that information, or any other information, and thus it is difficult for the Government to predict with certainty the scope of Bond's testimony and flag potential issues for the Court regarding that testimony. Indeed, it is difficult to conceive of any relevant testimony Bond could offer at this hearing, given that she was not present on the April 28, 2023 and May 25, 2023 calls in question.

  At best, Bond could testify regarding privileged communications with her former attorneys from Mayer Brown concerning the contents of those calls. But such testimony is pure hearsay and is far less probative of the ultimate issue before the Court at this hearing—namely, whether the Government allegedly made an enforceable promise not to investigate or prosecute Bond if Ryan Salame pleaded guilty—than is the testimony of the Mayer Brown attorneys who were present on the calls, both of whom are included on the defense witness list and can offer testify based on personal knowledge about that topic. Further, even if the Court were inclined to permit testimony regarding privileged communications between the Mayer Brown attorneys and Bond concerning the calls in question, the Mayer Brown attorneys themselves can offer that testimony; there is no reason to permit Bond to offer redundant testimony on those same topics. Accordingly, the Court should preclude Bond's testimony as both irrelevant and cumulative.

  Should the Court instead permit Bond to testify regarding privileged communications between herself and the Mayer Brown attorneys or regarding any other topic (although the Government is not aware of any other relevant subject), the Government intends to cross-examine Bond regarding aspects of the underlying case that bear on her credibility, as any such testimony necessarily puts Bond's credibility at issue. *See United States v. Jaswal*, 47 F.3d 539, 543 (2d Cir. 1995); *United States v. Roberts*, 14 F.3d 502, 517 (10th Cir. 1993); *see also United States v.*

*Williams*, 754 F.2d 672, 676 (6th Cir. 1985) (cross-examination of defendant at suppression hearing proper "because he had placed his own credibility in issue by his earlier testimony").

Further, the defense produced to the Government for the first time yesterday approximately five documents, marked as exhibits for the hearing, over which attorney-client privilege would appear to have applied absent a waiver.[1] Accordingly, Bond has effectuated a subject-matter waiver with respect to the pertinent topics of these documents—*i.e.*, the purported promise not to investigate or prosecute Bond if Salame pled guilty. *See, e.g.*, *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes"). To date, however, the defense has not produced to the Government any notes or memoranda from Mayer Brown attorneys of the April 28, 2023 and May 25, 2023 calls in question, even though a Mayer Brown attorney previously conceded in an email to the Government that notes from at least one of the calls exists (*see* Dkt. 40, Ex. D at 1); nor has the defense produced to the Government other privileged documents covered by the waiver. The Government has accordingly served a subpoena on Mayer Brown seeking such documents, and a subpoena on Bond seeking such documents if, as, and when she testifies at the hearing. The Government also reserves the right to cross-examine defense witnesses regarding the same. *See, e.g.*, *Bilzerian*, 926 F.2d at 1291 (affirming refusal to let defendant testify about his alleged "good faith regarding the legality" of the charged conduct unless he was also subject to cross-examination regarding communications with his attorney).

To avoid the need for a continuance of the hearing, the Government respectfully requests that the Court, pursuant to its authority under Federal Rule of Criminal Procedure 17(c), direct Mayer Brown to produce documents responsive to the subpoena served on it (attached hereto as Exhibit A) no later than 24 hours prior to the beginning of the hearing—*i.e.*, by 10 a.m. on September 24, 2025.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By: s/ Stephanie Simon
Stephanie Simon
Daniel C. Richenthal
Assistant United States Attorneys
(212) 637-2581 / 2109

cc: All counsel of record (by ECF)

---

[1] The Government first sought such documents on July 31, 2025, given the defense assertion that Bond intended to waive the attorney-client privilege as to certain documents and rely on those documents at the hearing (Dkt. 39 at 7, 14-15 & n.7; *see also* July 22, 2025 Oral Arg. Tr. 16-17).